| | |
|---|---|
| BILLY E. TURNER, | No. 2:19-cv-0741 DB P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| RON DAVIS, | |
| Respondent. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging a March 19, 2018 prison rules violation report. Presently before the court is petitioner's motion for leave to proceed in forma pauperis (ECF No. 5) motion for an extension of time to file a writ of habeas corpus (ECF No. 1), motion to appoint counsel (ECF No. 10), and his petition (ECF No. 4) for screening.

**IN FORMA PAUPERIS**

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**BACKGROUND**

Petitioner initiated this action by filing a motion for extension of time to file a petition for writ of habeas corpus in the United States District Court for the Northern District of California.

(ECF No. 1.) Thereafter, the Clerk of the Court for the Northern District directed petitioner to file a petition for writ of habeas corpus and to file a motion to proceed in forma pauperis or pay the filing fee. (ECF Nos. 2, 3.) After petitioner filed the instant petition, the action was transferred to this court because the petition is directed toward the execution of petitioner's sentence and he is presently incarcerated at Deuel Vocational Institute, in Tracy, California which lies in this district. (ECF No. 6.)

## MOTION FOR AN EXTENSION OF TIME

As set forth above, petitioner's initial filing in this action was a motion for an extension of time to file a petition for writ of habeas corpus. Because petitioner filed the petition before this action was transferred, the court will deny as moot the motion for an extension of time and screen the petition.

## SCREENING

### I. Legal Standards

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). This means the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Drawing on the Federal Rules of Civil Procedure, when considering whether a petition presents a claim upon which habeas relief can be granted, the court must accept the allegations of the petition as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the petition in the light most favorable to the petitioner, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that

'[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'" Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)). See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor.").

Rule 2(c) of the Rules Governing § 2254 Cases requires every habeas petition to (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Although, as stated above, pro se petitions receive less scrutiny for precision than those drafted by lawyers, a petitioner must give fair notice of his claims by stating the factual and legal elements of each claim in a short, plain, and succinct manner. See Mayle v. Felix, 545 U.S. 644, 648 (2005) ("In ordinary civil proceedings . . . Rule 8 of the Federal Rules of Civil Procedure requires only 'a short and plain statement[.] . . . Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement."). Allegations in a petition that are vague, conclusory, or palpably incredible, and that are unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal. Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James, 24 F.3d at 26.

**II.     The Petition**

Petitioner states on the first page of the petition that he is challenging a 40-years-to-life sentence he received on January 19, 2000. (ECF No. 4 at 1.) However, it is clear from the remainder of the petition that he is actually challenging three prison rules violations he received on March 19, 2018 at San Quentin State Prison. (ECF No. 4 at 19-42.) He argues the evidence was insufficient to support the guilty finding. (ECF No. 4 at 19.) Petitioner states he was assessed 150 days credit loss for each of the three rules violations. He seeks invalidation of the prison officials' guilty findings. (ECF No. 4 at 38.)

////

////

**III.     Analysis**

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad, 540 U.S. at 750.

"[H]abeas jurisdiction is absent, and a § 1983 action is proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). "[W]hen a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus,' and may be brought, if at all, under § 1983." Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)). The "core of habeas corpus" is an attack on "the fact or duration of his confinement," in which a prisoner "seeks either immediate release from that confinement or the shortening of its duration." Preiser, 411 U.S. at 489.

Petitioner's claim is materially similar to the challenge considered by the Ninth Circuit in Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc). In Nettles, a prisoner serving a life sentence with the possibility of parole was found guilty of a disciplinary violation and, as a result, suffered a revocation of thirty days good conduct credits. 830 F.3d at 927. The court found that success on the merits of petitioner's challenged disciplinary proceeding would not necessarily impact the fact or duration of his confinement, and therefore his challenge did not fall within "the core of habeas corpus." Id., at 931, 934. The court reasoned that "[s]uccess on the merits of Nettles' claim would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." Id. at 934-35.

Petitioner is presently serving an indeterminate sentence (ECF No. 4 at 1) and will only be released from prison at such time as the California Board of Parole Hearings determines that he is suitable. Cal. Penal Code, § 3041(a)(4). Under California law, the parole board is not required to find petitioner suitable or unsuitable for parole based on any single factor. Nettles, 830 F.3d at 935; Cal. Code Regs. tit. 15, § 2281 (information and circumstances considered in determining parole suitability). Rather, the parole board must consider "'all relevant and reliable information'" in determining parole suitability. Id. (quoting Cal. Code Regs. tit. 15, § 2281(b).)

Petitioner has failed to allege sufficient facts that, if true, would necessarily spell speedier release. A successful challenge to his disciplinary conviction will not result in a determination that he is necessarily entitled to immediate or speedier release. Because disciplinary violations are not the only factor considered when evaluating inmates for parole, the absence of the challenged disciplinary violations would not necessarily spell earlier release. "If the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the core of habeas and may be brought in § 1983." Nettles, 830 F.3d at 929 (fn. omitted) (citing Muhammad, 540 U.S. at 754-55). Accordingly, petitioner's claim is not cognizable in a federal habeas corpus proceeding.

In an appropriate case, a district court can convert a habeas petition into a civil rights complaint. Nettles, 830 F.3d at 935-36. However, the court declines to consider conversion of this action because the events giving rise to the claim occurred while plaintiff was incarcerated at San Quentin State Prison and venue[1] would be improper in this district.

////

---

[1] A civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

## MOTION TO APPOINT COUNSEL

Petitioner has requested the appointment of counsel. (ECF No. 10.) In support of his motion he states that he is incarcerated and indigent. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, where the court is recommending dismissal of this action, the interests of justice would not be served by the appointment of counsel. Accordingly, petitioner's motion to appoint counsel is denied.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for leave to proceed in forma pauperis (ECF No. 5) is granted;
2. Petitioner's motion for an extension of time (ECF No. 1) is denied as moot; and
3. Petitioner's motion for the appointment of counsel (ECF No. 10) is denied without prejudice.
4. The Clerk of the Court shall randomly assign a district judge to this action.

IT IS HEREBY RECOMMENDED that the petition be dismissed without leave to amend because his claim is not cognizable.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the

6

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 21, 2019

                            /s/ Deborah Barnes
                            DEBORAH BARNES
                            UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Habeas/turn0741.scrn+110